## D. B. GUNN *v.* RANKIN COUNTY SAVINGS INSTITUTION.

**Chancery Pleading — Pro Confesso Decree — Effect of.**

     A *pro confesso* decree admits all the allegations of the bill and precludes the defendant from making any proof to the contrary, and it is error to permit the introduction of evidence to contradict the allegations of the bill.[1]

Bill in chancery by appellant against complainants. From a decree dismissing his bill complainant appeals. The facts are stated in the opinion of the court.

APPEALED from Chancery Court, Rankin county, T. B. GRAHAM, Chancellor.

Reversed and remanded, November 7, 1881.

*Attorney for appellant, P. Henry.*

*Attorneys for appellee, Lowry & McLaurin.*

---

[1] A *pro confesso* cannot be taken against an infant. Hargrove *v.* Martin, Pleasants & Co., 6 S. & M. 61; Smith *v.* Bradley, 6 S. & M. 485.

Upon a decree *pro confesso*, all facts stated are to be taken as true to the same extent as if established by the evidence against the denial of the answer; but the complainant can have only such relief as the facts stated in the bill entitle him to; for it is a well established rule that if the complainant states an insufficient case in his bill, he cannot have relief, although he establishes a good case in his evidence. Spears *v.* Cheatham, 44 Miss. 64.

A final decree may be entered on a *pro confesso* at the same term at which the *pro confesso* is entered. Saunders *v.* Dowell, 7 S. & M. 206.

Brief of P. Henry:

The *pro confesso* of appellant having been declared good and well taken by this honorable court, it should have settled this controversy, and the court erred in not rendering judgment thereon in accordance with the prayer of the bill. That the defendants did not answer within the time allowed by law was an accident, which could not of course be foreseen, but if it carries with it an advantage to the appellant, he should receive it in full. What then was the legal effect of this *pro confesso?* The Revised Code, 1871, section 1021, says: "If the bill be taken for confessed * * * the court may make such a decree therein as may be equitable." This statute is not directory merely, but to a certain extent is mandatory, in this, that it gave to appellant such relief as the facts as shown by his bill entitled him to, to the same extent as if established by evidence against the denial of the answer. 44 Miss. 64.

The original and amended bills of complainant set up as facts that Dr. Gunn, complainant, borrowed from said institution $455.48 on the 3d day of July, 1872, to which amount was added $2\frac{1}{2}$ per cent per month for six months, making about $523.70, for which he gave his note, payable six months thereafter; that no rate of interest was expressed and none agreed to be paid in the face of said note, except as above; that he had made sundry payments thereon, which only left, at the time of the tender and filing of this proceeding, $99.52 due on said note, interest being calculated at the highest legal rate, to wit: 10 per cent; and further, the bills show that the deed of trust, in describing the indebtedness, which it secures, shows no rate of interest. Counsel for defendant contend that in our original bill we admit that said note bore $2\frac{1}{2}$ per cent per month. This we deny. The original bill simply states that the note was given for the amount borrowed, payable in six months, with interest at $2\frac{1}{2}$ per cent included. This interest was included in the amount expressed in the face of the note; nowhere can this language be construed to mean that he agreed to pay this interest after maturity. The amended bill states positively that complainant did not agree to pay any interest after maturity. These facts set out at length should have, in the absence of any denial of their truth, been sufficient to have entitled appellant to the relief prayed for. The note, when last seen, was in defendant's hands, and it seems that the next best evidence

is, or should be, the instrument written at that time, and by which said note was intended to be secured, and in which it should be described.

It has been held, in Moore *v.* Clayton, 13 S. & M. 380, that the mortgage, though but a collateral security, is the foundation on which the Chancery Court gets its jurisdiction, and that the relief is to be given on it and not on the note. That the note is only evidence of the debt, thus much for the *pro confesso* and its legal effect. Believing that the bill set out facts sufficiently to justify and to require a decree for relief as prayed for, appellant thinks that the court erred in referring this question of interest to the clerk to take testimony.   *   *   *

In conclusion, the appellant begs to say that the court below erred in not awarding judgment according to the prayer of the bill on the *pro confesso* taken against the defendants in favor of complaint. That the court below erred in referring the matter of interest on lost note to the clerk for taking testimony; that none should have been taken, but that it does establish Gunn's position as to the note and interest thereon.   *   *   *

Brief of Lowry & McLaurin:

Under an act of the Legislature of December 4, 1865, the Rankin County Savings Institution was incorporated and the fourth section of the act allowed a constitutional rate of interest. This institution loaned money to complainant at 2½ per cent a month, as shown by his original bill. He filed his original bill; a demurrer to it was sustained; he filed an amended bill, took *pro confesso* on it, which was set aside, and on appeal the order setting it aside was reversed and *pro confesso* was reinstated.

The point made by complainant originally was that the act of incorporation was unconstitutional, but when this court, in another case, passed upon that question adverse to complainant, he shifted his ground and claimed that the 2½ per cent a month could be collected only up to the time of maturity of the note. The court held that in his original bill he had stated otherwise; he had sworn to it; it was on record as a part of this case, and he was bound by it. The court then, *at complainant's request,* allowed testimony to be taken on this point, and the testimony abundantly proves that the note bore interest at 2½ per cent per month until paid.

The only question now in this case is this: Can the complainant, after swearing to a fact in his bill, afterwards by implication, or directly, in the same case, deny the fact and predicate error upon a decree rendered on the fact so sworn; and more especially when at his instance testimony is taken that proves the truth of the first assertion? If this is answered against us, this other question suggests itself: If he borrow money at a certain rate until it is due, and puts it in the note, will the fact that he is in default in payment absolve him from paying the same rate after maturity?

The first question, we think, will settle the case. It is an admitted general principle that all parties are bound by their sworn pleadings. This being so, and the original bill being a part of the record of this case, and showing that the note was for $2\frac{1}{2}$ per cent, is conclusive. Complainant cannot explain this away in his amended bill. If he cannot do it directly, he cannot indirectly or by explanation.

OPINION.—COOPER, J.:

Complainant in his bill, to which a *pro confesso* was taken, charged that on the 3d day of July, 1872, he borrowed from the said Rankin County Savings Institution, by its cashier, Joseph M. Jayne, the sum of $455.48, for which said sum and interest at $2\frac{1}{2}$ per cent per month thereon (meaning thereby until maturity), he executed and delivered to the said Joseph M. Jayne, cashier as aforesaid, his promissory note due and payable on the 3d day of January, 1873. "And your orator further states and shows that the sum of money named in the face of said note was $523.80, which was made up of the sum of $455.48 actually borrowed by him from the said institution, and interest thereon from the date of said note to the date of its maturity, computed at the rate of $2\frac{1}{2}$ per cent per month, but he states that no promise or agreement in writing, either in said note or otherwise, was ever made or entered into by him in regard to the payment of interest on said note to accrue after the maturity of the same."

When the cause was set for final hearing the chancellor referred the same to a commissioner to take testimony to show whether there was any promise or agreement in said note (which had been lost) to pay any rate of interest, and if so, what promise or agreement and what rate of interest was agreed and promised therein

to be paid. Testimony was taken and it appears from the evidence for the defendant that the note contained an express promise to pay interest after the maturity of the same at $2\frac{1}{2}$ per cent per month. Stating the account on this evidence, it appears that the amount claimed by the defendant is due by the complainant. This view was taken by the chancellor, who thereupon dismissed complainant's bill, and from this decree he appeals.

The allegations of the bill, confessed by the defendants, are that there was no promise in the note for the payment of interest. The facts set forth, we think, show with certainty the nature of the transaction and the form of the note. It is distinctly averred that interest at the rate of $2\frac{1}{2}$ per cent per month was calculated on the sum borrowed up to the time when the note would mature, and, this sum being added to the sum borrowed, the note was given for the aggregate amount, and that no promise appears on the face of the note to pay anything as interest. The *pro confesso* admitted this allegation, and precluded the defendants from making any proof to the contrary. It was therefore error to permit the consequences of the pleading to be destroyed by evidence.

*The decree will be reversed* and cause remanded to the court below, with instructions to order an account to be taken, charging complainants with the sum of $523.80, and interest at 6 per cent after January 1, 1873, allowing him credit for the payments charged in his bill as of the respective dates at which they are charged to have been made.